STATE OF MAINE                     BUSINESS & CONSUMER COURT
CUMBERLAND, ss.               DOCKET NO. BCD-CIV-2021-00060

| | | |
|---|---|---|
| 800 NORTHERN CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **AMENDED MOTION FOR** |
| CONGRESS FEDERAL REALTY, LLC, as | ) | **ATTACHMENT** |
| Trustee of CONGRESS FEDERAL TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

The matter presently before the Court is an Amended Motion for Attachment brought by Plaintiff 800 Northern Corp. ("800 Northern") under M.R. Civ. P. 4A. In its Motion, 800 Northern contends it is more likely than not to succeed on the merits of its claims for breach of covenant, promissory estoppel, and quantum meruit. 800 Northern seeks an attachment against Defendant Congress Federal Realty, LLC ("Congress Federal") in the amount of $249,262, which consists of $146,789 for what 800 Northern characterizes as Maintenance Reimbursement, and $102,473 for what it characterizes as Sidewalk Reimbursement. Congress Federal attacks both the merits of the Motion and the amount sought to be attached. Oral argument was held on January 18, 2022. For the reasons discussed below, the Court DENIES Plaintiff's Motion.

FACTUAL ALLEGATIONS

800 Northern owns the property and office building located at 2 Monument Square in downtown Portland, Maine ("Two Monument Sq.") (Pl.'s Am. Compl. ¶ 3.) Congress Federal owns the adjacent property and building located at 1 Monument Square ("One Monument Sq."). (Am. Compl. ¶ 4.) The two buildings share a common lobby (the "Lobby") and service driveway (the "Driveway") located on 800 Northern's property and over which Congress Federal has

1

easement rights to use. (Am. Compl. ¶¶ 1, 18, 20.) Longstanding deeded covenants require Congress Federal to reimburse 800 Northern for half of costs incurred to maintain these common areas. (Am. Compl. ¶ 1; Am. Compl. Exs. A-C.)

The original "Modification, Easement and Operating Agreement" was executed on May 9, 1979 and set forth perpetual easements and covenants between the One Monument Sq. and Two Monument Sq. properties. (Am. Compl. ¶ 9.) This agreement was subsequently amended on January 6, 1982 and most recently on July 11, 1995 (collectively, with the initial agreement, the "Covenants"). (Am. Compl. ¶¶ 11, 15.)

Per the Covenants, 800 Northern must maintain the Lobby and Driveway "in good repair . . . in accordance with other first-class office buildings in the City of Portland," including cleaning, heating, lighting, cooling, paving, insuring, guard service, clearing of snow, and similar expenses. (Am. Compl. ¶¶ 21-22; Am. Compl. Ex. A 3.) Congress Federal benefits from an easement over the Lobby and Driveway, allowing it to use them in common with 800 Northern, but must reimburse 800 Northern one-half the cost of keeping them in "good repair" (the "Maintenance Reimbursement"). (Am. Compl. ¶ 22.) This reimbursement must be paid to 800 Northern within fourteen days after Congress Federal is provided an invoice including a "reasonable itemization" of expenses; such invoice may be provided "not more frequently than four times during each twelve month period." (Am. Compl. Ex. A 3.) Congress Federal has "the right to obtain the books of [800 Northern] with respect to such expenses upon reasonable notice." (Am. Compl. Ex. A 3.) Failure to pay triggers an accrual of interest on past-due sums at 10% per annum. (Am. Compl. ¶ 24; Am. Compl. Ex. A 6.)

Between January 2014 and July 2021, 800 Northern claims to have incurred $94,848 in common maintenance expenses paid on behalf of Congress Federal for Common Area

Maintenance Reimbursement. (Am. Compl. ¶¶ 30-38.) For the five years 2016 through 2020, the amount claimed for annual "common maintenance expenses" is exactly $11,913.65 per year. 800 Northern alleges that it has regularly sent Congress Federal invoices seeking payment. However, there are no invoices attached to the Verified Complaint, and the allegations regarding expenses incurred are general, at best. Nevertheless, 800 Northern asserts that Congress Federal has incurred $51,941 in accrued interest on past-due amounts owed since 2014. Together with the principal, 800 Northern seeks damages in the amount of $146,789 for Maintenance Reimbursement.

In 2014, the City of Portland required 800 Northern and Congress Federal to repair and improve the sidewalk adjacent to the two buildings. (Am. Compl. ¶ 48.) 800 Northern completed the work itself at a cost of $204,947.46 and on November 12, 2015 provided an invoice to Congress Federal's management arm in the amount of $102,473.73, representing one half of the cost of the repairs. The invoice is devoid of any detail whatsoever. Nevertheless, 800 Northern seeks damages in the amount of $102,473 for Sidewalk Reimbursement. (Am. Compl. ¶¶ 50-51.) In total, 800 Northern seeks attachment in the amount of $249,262, which reflects damages for the aggregate amount of both Maintenance Reimbursement and Sidewalk Reimbursement.

<u>DISCUSSION</u>

A motion for attachment must be supported by affidavits, and the motion and affidavits must be served on the defendant at the same time as the complaint. M.R. Civ. P. 4A(c). Here, rather than submitting affidavits, 800 Northern's Motion is supported by its Verified Amended Complaint. It may be that on a motion for attachment a verified complaint should be treated as the functional equivalent of an affidavit. S*ee Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991) (treating verified complaint as affidavit in summary judgment context); *Bank of Me. v. Boothbay Country Club*, No. BCD-13-CV-18, 2013 Me. Bus. & Consumer LEXIS 11, at *3 (June 27, 2013)

(treating verified complaint as affidavit in injunctive context). But to serve as the functional equivalent of an affidavit in support of a motion for attachment, a verified complaint needs to "set forth specific facts sufficient to warrant the required findings;" namely, facts supporting a finding that the plaintiff is more likely than not to prevail at trial in an amount which at least equals that sought to be attached. M.R. Civ. P. 4A(c) & (i).

In this case, the Verified Amended Complaint does not set forth sufficiently specific facts to allow this Court to conclude whether 800 Northern is more likely than not to prevail on its claims or, if it does prevail, whether it is more likely than not to recover damages of at least $249,262. The factual issues in this case involve whether 800 Northern ever presented certain invoices to Congress Federal, and the detailed factual bases for the invoices. The Verified Amended Complaint has several exhibits attached thereto, but it does not attach invoices for common area expenses, and it does not provide the necessary details about the charges that serve as the bases for the alleged invoices. In other words, on the key factual issues, the Verified Amended Complaint contains little more than general notice pleading.

In its opposition, Congress Federal submits affidavits disputing all the facts, i.e. whether invoices were ever presented, the lack of detail in invoices that were presented, and bases for the charges. It is not until its Reply that 800 Northern supplies affidavits, and purports to establish the evidentiary basis for its Motion. The problem with this approach, however, it is that it fails to comply with Rule 4A and reverses the order of the briefing process. To now properly respond to the level of detail that should have accompanied the Motion, Congress Federal would need an opportunity to file a sur-reply, and the Court is not willing to prolong the matter.

This is a fact-based case. On many of the key factual issues, the affidavits of Lori Cram, Katherine Susbury, and George Cacoulidis are contradictory, and at this stage of the proceeding

4

the Court is not able to make credibility assessments. 800 Northern has failed to satisfy its burden to show that it is more likely than not to recover judgment in an amount equal to or greater than $249,262.

CONCLUSION

Based on the foregoing, the entry will be: Plaintiff 800 Northern Corp.'s Motion for Attachment is DENIED, with prejudice.

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

Date: 1-18-2022

_____
Michael A. Duddy, Judge
Business & Consumer Court

.